**NICHOLAS M. WAJDA**
Nevada State Bar No. 11480
Law Offices of Nicholas M. Wajda, Esq
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALONZO M. HUMPHREY, <br><br> Plaintiff, <br><br> v. <br><br> I.Q. DATA INTERNATIONAL, INC., <br><br> Defendant. | Case No. 2:21-cv-00564 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes ALONZO M. HUMPHREY ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Nevada and a substantial portion the events or omissions giving rise to the claims occurred within the District of Nevada.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing within the District of Nevada.

5. Defendant boasts to be a "[p]rofessional Collection Agency, providing services to the apartment industry."[1] Defendant's principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the State of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of the nature of Defendant's attempt to collect on a purported defaulted residential apartment lease ("subject debt") that Plaintiff allegedly owed to Joshua Hills Apartments.

8. Sometime after Plaintiff defaulted on the subject debt, Defendant began to contact Plaintiff in an attempt to collect the subject debt.

---

[1] https://www.iqdata-inc.com/about-us

9. On or around March 2021, after speaking with Defendant, Plaintiff explained that he is unemployed but wished to satisfy the subject debt when he gathers his unemployment and stimulus funds. Therefore, Plaintiff agreed to settle the subject debt by making a payment to Defendant. Plaintiff provided Defendant with his banking information and authorized Defendant to withdraw the agreed upon amounts from his bank account on March 19, 2021, which Defendant agreed to do.

10. Plaintiff believed that he would be able to gather the necessary funds in order to satisfy the subject debt; however, as other bills became more pressing, he quickly realized that the funds he planned on using to satisfy the subject debt were needed elsewhere.

11. Therefore, Plaintiff contacted Defendant on or around March 16, 2021, and explained that he would not be able to gather the necessary funds. As such, he informed Defendant that it no longer had authorization to withdraw the funds on March 19, 2021.

12. Defendant disregarded Plaintiff's explanation and responded to Plaintiff with aggressiveness while mocking him, belittling him, and questioning the legitimacy of Plaintiff's purported inability to satisfy the subject debt.

13. Despite Plaintiff demanding that Defendant not withdraw any payments from his account, on March 19, 2021, Defendant attempted to withdraw funds from Plaintiff's account without authorization.

14. Plaintiff then contacted Defendant and again demanded that Defendant cease all withdrawls from his account. Defendant again replied to Plaintiff with aggressiveness and insults.

15. Subsequently, Defendant began to bombard Plaintiff with collecting calls to his cellular phone number, (725) XXX-8218.

16. Defendant has called Plaintiff primarily using the phone number (425) 609-2000, but upon belief, Defendant has used other phone numbers as well.

17. Due to the volume of calls, Plaintiff requested that Defendant cease contacting him.

18. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone and *again* tried withdrawing funds from Plaintiff's account, on March 24, 2021, without Plaintiff's consent.

19. Frustrated, distressed, and bothered over Defendant's conduct, Plaintiff spent time conferring with counsel regarding Defendant's collection efforts, resulting in lost time and resources.

20. As alluded to above, Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to, emotional distress, anxiety, aggravation that he was subjected to harassment in connection with the subject debt, lost time addressing Defendant's unlawful collection efforts, aggravation that accompanies collection telephone calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone, as a well as violations of his state and federally protected interests to be free from harassing, deceptive, and misleading debt collection communications.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692c(a)(1) and §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]he use of obscene language or language the natural consequence of which is to abuse the hearer or reader." § 1692d(5) additionally prohibits a debt collector from "[c]ausing a telephone to ring or engaging in any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff numerous times after he demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him. Defendant's intent in harassing Plaintiff through its repeated calls is further demonstrated by the nature of Defendant's conduct and tone towards Plaintiff during the conversations between the parties.

28. Plaintiff notified Defendant that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

29. Defendant further violated 15 U.S.C. §1692d and d(2) when it belittled and insulted Plaintiff. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and mocking Plaintiff during its collection campaign. Defendant also insulted Plaintiff for not being able to satisfy the subject debt and suggested that Plaintiff was actively lying about his financial situation. Any reasonable fact will conclude that Defendant's

actions were harassing and abusive as Defendant ridiculed Plaintiff when it attempted to collect upon the subject debt.

30. Additionally, Defendant violated §1692d when it harassingly and abusively attempted to withdraw funds from Plaintiff's bank account, multiple times, without authorization. Withdrawing funds from a consumer's bank account absent authorization is inherently conduct with the natural consequence of harassing, oppressing, and abusing such consumers.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in . . . the seizure . . . of any property . . . of any person unless such action is lawful . . . ." 15 U.S.C. § 1692e(4).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

33. Defendant violated §§1692e, e(4), and e(10) when it attempt to withdraw funds, in connection to the subject debt, from Plaintiff's account without authorization. Defendant's conduct implied that Plaintiff's nonpayment of the subject debt would result in the unlawful seizure of Plaintiff's property, although such conduct was not lawful. It was false, deceptive, and misleading for Defendant to attempt to make these withdrawals as they were entirely without authorization.

34. Defendant further violated §1692e and e(10) when it used deceptive collection calls. In spite of the fact that Plaintiff demanded that it stop calling him, Defendant place numerous calls to Plaintiff's cellular phone without his consent. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant

misleadingly represented to Plaintiff that it had the legal ability to call him when it no longer had consent to do so.

35. Furthermore, Defendant violated §1692e and e(10) when it implicitly represented that it could harass and oppress Plaintiff when it mocked and berated him. This type of behavior is explicitly prohibited by the FDCPA. Defendant's actions only served to worry and confuse Plaintiff.

### c. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §§1692f and f(1) when it unfairly and unconscionably attempted withdraw funds from Plaintiff's bank account, multiple times, without authorization. It was unlawful for Defendant to make such attempts completely absent authorization.

38. Moreover, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff numerous times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. Furthermore, it was unfair for Defendant to belittle and harass Plaintiff over the phone. Defendant used such unfair conduct in order to scare Plaintiff into paying the subject debt.

40. As pled above, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ALONZO M. HUMPHREY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 6, 2021                         Respectfully submitted,

/s/ Nicholas M. Wajda
Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*